[No. 8974.    Department One.    January 6, 1911.]

CHESTER S. SMITH, *Appellant*, v. CHARLES S. CRAIG, *Respondent*.[1]

BROKERS—CONTRACT—AUTHORITY TO MAKE. Where brokers exceeded their authority by reducing the price, including a guaranty and guaranteeing the number and kind of apple trees, their contract of sale is not binding upon their principal, especially when made subject to his approval.

SAME—RATIFICATION OF CONTRACT. In such a case, the contract as made is not ratified by the fact that the owner thereafter offered to consent to the reduced price, agreeing to make a list of the trees, although the brokers thereupon struck out the guarantee as to the trees.

Appeal from a judgment of the superior court for Chelan county, Grimshaw, J., entered March 14, 1910, in favor of the defendant, after a trial on the merits before the court without a jury, dismissing an action for specific performance. Affirmed.

[1]Reported in 112 Pac. 513.

*Herr, Bayley, Wilson & Smith,* for appellant.
*Reeves & Reeves,* for respondent.

PARKER, J.—This is an action to enforce specific perform-
ance of a contract alleged to have been entered into by the
defendant, by his duly authorized agents, with the plaintiff
for the sale of land in Chelan county. A trial upon the
merits resulted in a judgment in favor of the defendant, dis-
missing the case, from which the plaintiff has appealed.

The facts upon which the rights of the parties depend are
for the most part undisputed, and may be briefly stated as
follows: On December 31, 1909, the respondent, being the
owner of the land, signed and gave to Wright & Dow, real
estate agents of Seattle, written authority to sell the land,
agreeing to compensate them therefor by paying five per cent
commission upon the sale price. The provisions of the writ-
ing giving such authority to sell and fixing the terms of the
sale are as follows:

"Wright & Dow—          Seattle, Wash., Dec. 31, 1909.
"In consideration of one dollar and services to be performed
by you in endeavoring to effect a sale of the following de-
scribed property, viz.  .  .  .  .  .
"The undersigned owner of said property, hereby give
and grant unto you for the period of . . . . . . . . days from
date hereof and thereafter until withdrawn by ten days'
written notice, the right to sell said property, and agree to
convey the same, or cause the same to be conveyed, by good
and sufficient warranty deed to the person or persons desig-
nated by you. The price of said property to be $10,000 and
upon the following terms: 1-3 cash, balance in three annual
payments at eight per cent,  .  .  .  .  .
                              "Chas. S. Craig, Owner."

Thereafter, on January 4, 1910, assuming to act under this
authority, Wright & Dow, in pursuance of negotiations with
appellant, executed a writing with him, the provisions of
which, so far as necessary to be here noticed, are as follows:

34—61 WASH.

"Seattle, Wash., January 4, 1910.

"$500—

"Received of Chester S. Smith, hereinafter mentioned as the purchaser, the sum of five hundred dollars ($500) as earnest money and in part payment for the purchase of certain real estate in Chelan county, state of Washington, and particularly described as follows, to wit: . . . . . . . together with any and all improvements thereon, which includes a good and sufficient water right to above described land which we have this day sold to the said purchaser for the sum of nine thousand ($9,000) dollars on the following terms, to wit: Five hundred ($500) dollars as hereinabove receipted for. Three thousand ($3,000) dollars on approval of abstract. Two thousand ($2,000) dollars on or before one year. Two thousand ($2,000) dollars on or before two years. One thousand five hundred ($1,500) dollars on or before three years. Interest at 8 per cent, payable annually.

"It is agreed that if the title to the said premises is not good, or cannot be made good within 60 days, or if the owner does not approve the above sale, this agreement is void, and the earnest money herein receipted for shall be refunded. But if the title to the said premises is good, and the above sale is approved by the owner, and the purchaser neglects or refuses to comply with any of the conditions of this sale, then the earnest money herein receipted for shall be forfeited to Wright & Dow to the extent of their agreed-upon five per cent commission, and the residue to the owner of the said premises. . .

"The purchaser would want owner to guarantee that the following varieties are within 10 per cent of being correct: Rome Beauties 120, 6 and 7 years old. Winesap 400, 2 years old. Winesap 160, 6 and 7 years old. Spitzenberg 96, 6 and 7 years old. Grimes Golden 90, 6 and 7 years old. Lovers 50, 6 and 7 years old. . . . . Time is the essence of this contract.

"Wright & Dow, By C. H. Dow, Agents.

"I hereby agree to purchase said property on the above terms and pay $9,000 as specified above.

"Chester S. Smith, Purchaser.

"Approved by . . . . . . . . . . . . . . . ., Owner."

Soon thereafter this writing was sent to respondent at Spokane for approval. He declined to approve it, and wrote to Wright & Dow the following letter:

"Hale Hotel, Spokane, Wash., January 7, 1910.
"Wright & Dow, Seattle, Wash.

"Dear Sir: I am not anxious to do business under the contract you sent me. · Upon receipt of the $500 earnest money to me and carfare both ways to Peshastin and expense otherwise incurred, I will make a list of all trees on the 10 acres I have for sale. Price to be $9,000 because you have went to the expense of going to show the place, also because you did not get my letter of January 2d prior to the sale you referred to. Otherwise price is $10,000.

"Yours very truly,
"Chas. S. Craig."

Wright & Dow, with consent of appellant, then struck out of the writing the clauses relating to the guaranty of fruit trees, and sent it to a Spokane bank with the $500 for appellant, notifying him thereof by letter. Respondent went to the bank, examined the writing, and refused to approve it or accept the $500.

The contentions of learned counsel for appellant, as we understand them, present two questions. It is contended, first, that the authority of Wright & Dow was sufficient to enable them to enter into a contract of sale binding respondent, such as that executed by them and appellant; and second, that such writing as modified, by striking out the fruit tree guaranty, was ratified by respondent by his letter of January 7th. A comparison of the sale contract of January 4th with the written authority given to Wright & Dow as agents on December 31st will show that, in several particulars, that sale contract exceeded their authority. It assumed to contract for the sale at a less price than was authorized; it assumed to include a "good and sufficient water right," in effect guaranteeing that such water right went with the land; and it assumed to guarantee the quantity and varieties of the fruit trees upon the land. We find nothing in the agents' authority enabling them to bind respondent by such a contract as this. Their authority seems to be clearly defined in the writing of December 31st, and had they entered into a

contract of sale for the land strictly within that authority, no doubt it would have been binding upon respondent, as heretofore held by this court. *Peirce v. Wheeler*, 44 Wash. 326, 87 Pac. 361, and authorities there cited.

In this connection some contention is made that, after giving the written authority and before January 4th, respondent orally authorized the sale at $9,000. The evidence upon this question is not very satisfactory and is somewhat in conflict; but we are inclined to resolve it in respondent's favor. However, it is not pretended that there was any oral authorization for the other matters in which the contract exceeds the written authority. In addition to all this, it will be noticed that the very terms of the contract clearly indicate that it was made subject to respondent's approval; amounting practically to an admission that the agents were not authorized to enter into a binding contract with appellant like that of January 4th. We are of the opinion that, at the time of making such contract, Wright & Dow were without authority to make the same for respondent.

We are not able to reach the conclusion that the letter of January 7th amounted to an approval of the contract. That letter clearly was not an approval of the contract then submitted to respondent, and we do not think it can be construed as an approval of the contract which was submitted to him thereafter. It is true that the contract finally submitted was like the first one, with certain features eliminated which respondent had objected to, but it was after all another contract, and he cannot be held to have approved it prior to its submission to him, notwithstanding it may have been in such form that his letter of January 7th indicates he might not have objected to it. He was privileged to withhold his approval for any reason he saw fit.

The judgment is affirmed.

RUDKIN, C. J., MOUNT, GOSE, and FULLERTON, JJ., concur.