### JACOB COHEN *vs.* CHARLES T. JACKSON.

Essex.    November 9, 1911. — November 29, 1911.

Present: RUGG, C. J., HAMMOND, BRALEY, SHELDON, & DeCOURCY, JJ.

*Agency*, Scope of authority, Ratification. *Broker.*

Where the owner of a parcel of land puts it into the hands of a real estate broker for sale with no instructions as to the price or terms of sale, such owner is not bound by an agreement in writing, signed by the broker as his agent, to sell the land for a certain price on certain terms, unless he ratifies the contract thus made in his behalf.

Where the owner of a parcel of land puts it into the hands of a real estate broker for sale with no instructions as to the price or terms of sale, and the broker without previous communication with the owner signs an agreement in writing as the agent of the owner to sell the land for a certain price on certain terms, taking from the proposed purchaser $50 as a part payment of the purchase money, and afterwards the broker reports to the owner in substance the terms of the agreement of sale but does not inform him that he has made a con-

---

* *Bell*, J., sitting without a jury.

tract in writing in his behalf or that he has received $50 in part payment, an apparent acquiescence of the owner at that time can be found not to have been a ratification of the acts of the agent in making the sale, because the owner did not have a full knowledge of the facts.

BILL IN EQUITY, filed in the Superior Court on February 9, 1911, to compel the specific performance of an alleged contract to convey to the plaintiff a certain parcel of land in Lynn.

The alleged contract, of which a copy was annexed to the bill, was as follows:

"Lynn, Mass., Nov. 15, 1910.

"Received of Jacob Cohen of said Lynn fifty dollars, to be used in the purchase of that certain lot of land situate at the junction of Lander St. with Chestnut St. in said Lynn, belonging to Charles T. Jackson.

"Price of said lot not to exceed fifteen hundred and fifty dollars. In case of purchase, said premises to be conveyed by good title, by Warranty Deed, free and clear of all incumbrances and liens — including City of Lynn Real Estate Sewer and Sidewalk taxes, and any and all assessments. In case of purchase, the said Cohen is to pay two hundred dollars additional in money, and to give the grantor a mortgage for thirteen hundred dollars, for one year, with interest at five per cent. per annum, reserving the right and privilege however, of paying the whole of said principal sum at any time prior to the maturity of the mortgage note.

"Jerome Ingalls, Agent for Charles T. Jackson."

The case was heard by *Hitchcock*, J., who made a memorandum of decision as follows:

"Some time in September of last year the land in question was put by the defendant into the hands of one Ingalls as a real estate broker for sale, under no special agreement. In November, the broker Ingalls did find a purchaser for the lot; that is, he had negotiations with the plaintiff, which negotiations, so far as Ingalls was concerned, culminated in the payment of $50 by the plaintiff to Ingalls, and the giving to the plaintiff by Ingalls of the receipt and memorandum or so called agreement, a copy of which is annexed to the bill. Ingalls thereupon informed the defendant that he had sold the premises, and also informed him of the terms of the sale, and requested the defend-

ant to give him his deed of the premises; which the defendant did. The defendant himself testified that he consented to take back a mortgage of $1,300 at five per cent to run not longer than one year, and which, with the evidence on the part of Ingalls, leads me to find as a fact that Ingalls did inform the defendant at that time what the terms of the sale were, substantially as set forth in the agreement.

"I am unable to find that Ingalls informed the defendant that he had given a writing in the matter or that he had received $50 as part payment, and Ingalls did not show to the defendant a copy of the agreement, which he says he kept and had on file in his office but did not have with him at the time he told the defendant that he had sold the premises. Matters ran along with no complaint or suggestion on the part of the defendant of any dissatisfaction in any way with the arrangement until February, at which time the defendant came to Ingalls and told him that he, the defendant, had sold the premises and requested the return to him of the deed of the premises which he had given to Ingalls, and the deed was then returned to the defendant.

"Upon these facts, which the court considers to be all the material facts in the case, certain questions appear to be raised.

"First. Was Ingalls authorized by his employment to give a contract or agreement in writing such as is relied upon in this case?

"I find as a fact and rule as a matter of law that he was not authorized.

"Second. If he were not authorized by the terms of his employment to give such a contract, was the fact of such an agreement made by him with the plaintiff in this case communicated to and consented to or acquiesced in by the defendant?

"The fact of such an agreement having been made by Ingalls was not communicated by him to the defendant, and the defendant had no such knowledge of all the circumstances relative thereto as would justify any finding that he consented to or acquiesced in or ratified the action of Ingalls in making such contract.

"Third. If Ingalls had authority to make such an agreement, was it such an agreement for sale as can be enforced in this proceeding?

" In view of the findings and rulings already indicated it perhaps is not necessary to answer this question, but inasmuch as it was argued before me I find and rule that the agreement for sale is such in form that it could be enforced in this proceeding if the same were made by the authority of the defendant."

The judge made an order that the bill be dismissed, and later a final decree was entered in accordance with this order. The plaintiff appealed.

*A. B. Tolman,* for the plaintiff.

*J. E. Odlin,* for the defendant.

BRALEY, J. The executory contract for the specific performance of which the bill is brought is sufficient in form to satisfy the requirements of R. L. c. 74, § 1, cl. 4, but unless executed and delivered by the defendant's authority it cannot be enforced.

The defendant, who was the owner, employed one Ingalls, a real estate broker, to sell the property but no instructions were given to him as to the price or terms of sale. It was after negotiations by the agent with the plaintiff that a sale was effected and the contract in question, signed by the agent in behalf of the defendant, was delivered.

If it be assumed that the oral authority would have been sufficient to enable him to make a written contract or a memorandum for the sale of real estate as required by the statute of frauds, and to do all necessary acts connected with his employment which would embrace a sale as proposed, the evidence has not been reported, and, the judge having found " as a fact . . . that he was not so authorized," the finding should not be set aside, as it does not appear to have been plainly wrong. *Shaw* v. *Nudd,* 8 Pick. 9. *Duncklee* v. *Webber,* 151 Mass. 408. *Lobdell* v. *Baker,* 1 Met. 193. *Deane* v. *American Glue Co.* 200 Mass. 459. *New York & Colorado Mining Syndicate* v. *Fraser,* 130 U. S. 611. *Collen* v. *Gardner,* 21 Beav. 540. *Cohen* v. *Nagle,* 190 Mass. 4.

The plaintiff accordingly is forced to rely on the defendant's adoption of Ingall's acts. If ratification of the unauthorized acts of an agent by the principal appears, it is equivalent to original authority. *Bayley* v. *Bryant,* 24 Pick. 198. The findings of the judge, however, upon this question very plainly show, that while the defendant was put in possession of most of the

essential details of the transaction, he never was informed that the agreement had been reduced to writing or that a partial payment of the purchase price had been received from the plaintiff. It could become an existing and binding contract only upon the defendant's approval, not of a part, but of the entire instrument. *New England Dredging Co.* v. *Rockport Granite Co.* 149 Mass. 381. *Revere Water Co.* v. *Winthrop,* 192 Mass. 455.

The judge therefore properly ruled that the ratifier must be informed of all which had been done in his behalf, and that the omission of information as to these material particulars was fatal.

*Decree affirmed.*