WILLIAM HARRIGAN *vs.* ELLEN M. DODGE & others.

Essex.    November 5, 1913. — January 14, 1914.

Present: RUGG, C. J., HAMMOND, BRALEY, & DE COURCY, JJ.

*Agency,* Scope of authority. *Broker. Equity Jurisdiction,* Specific performance. *Contract,* Performance and breach.

A real estate agent or broker, when employed to make a sale of land, is not an agent of general powers, and as a rule has no authority to bind his principal beyond the terms of the specific authority conferred upon him by the agreement for his employment; and accordingly a third person, who makes an agreement with such an agent or broker for the purchase of certain land, has notice that

he is dealing with a special agent of restricted authority and must ascertain at his peril the bounds of such authority.

In a suit in equity to enforce the specific performance of an alleged contract of the defendant to sell and convey certain land to the plaintiff, where a master has found that the defendant placed the land in the hands of a real estate agent or broker for sale but with the limitation upon his authority that no sale should be made except to a purchaser who was agreeable as a neighbor to the owner of the adjoining property, that the agent or broker procured the plaintiff for a purchaser of the defendant's land and told the owner of the adjoining property that he could sell the land to the plaintiff if she would consent, that the plaintiff had been convicted of illegal liquor selling and he and his house were watched constantly by the police, that there was in the town another person having the same surname as the plaintiff who was the superintendent of the waterworks of the town, and that the agent or broker led the owner of the adjoining property to believe that it was the superintendent of waterworks who wished to purchase the land and thus procured her consent to the sale, which, after having learned the facts, she withdrew. *Held,* that the defendant was not bound by the contract purporting to have been made in his behalf by the agent or broker, who had exceeded his authority by reason of his failure to comply with the required condition that the purchaser should be satisfactory as a neighbor to the owner of the adjoining property.

BILL IN EQUITY, filed in the Superior Court on January 7, 1910, to enforce the specific performance of a contract, alleged to have been made on December 18, 1906, to sell and convey to the plaintiff a certain tract of land with the buildings thereon in Danvers, which formerly belonged to one Francis Dodge, late of Danvers, and at the time of the filing of the bill belonged to the defendants, as devisees under his will.

A former suit brought to compel the performance of this contract, the decision of which upon demurrer is reported in 200 Mass. 357, was brought against Eben Dodge alone, who, on December 18, 1906, signed a receipt for $25, which was paid to him by the real estate agent or broker mentioned in the opinion and which he received as the agent for himself and the other devisees under the will of Francis Dodge.

The present suit was referred to William Perry, Esquire, as master. The material facts found by him are stated in the opinion. He also found the following introductory facts: Francis Dodge, the original owner of this real estate, died in January, 1906, testate. His will was proved in the following February, and Francis S. Dodge was appointed the executor of his will. His next of kin and heirs at law were Ellen M. Dodge, his widow, Francis S. Dodge, Eben Dodge, Joseph B. Dodge, sons, Louise P. Dodge,

a daughter, and Frances D. Blakemore, Amy Blakemore and Harvey Blakemore, grandchildren, children of a deceased daughter. By his 'will, his widow Ellen was given a third interest in this property, and Francis S. Dodge, Eben Dodge, Louise P. Dodge each a sixth interest. Joseph B. Dodge, the remaining son, was otherwise provided for. In the decision reported in 200 Mass. 357, this court intimated, that, if the bill had alleged that the real estate in question was all the property in Danvers then belonging to the estate of Francis Dodge, the demurrer would not have been sustained. The allegations of the present bill, which were supported by the evidence, cured this defect in the first bill.

The master certified that he had read his report to the parties in interest and that they had had five days in which to file objections. No objections or exceptions to the master's report were filed. The case was heard upon the master's report by *Hitchcock,* J., who made a final decree confirming the master's report and dismissing the bill. The plaintiff appealed.

*A. Berenson,* for the plaintiff.

*A. W. Putnam,* for the defendants Ellen M. and Louise P. Dodge.

*E. J. Carney,* for the defendant George W. McIntire.

RUGG, C. J. This is a suit in equity to compel the defendants to convey real estate to the plaintiff. The evidence is not reported, and no objections or exceptions were filed to the master's report. The only question presented is whether the decree dismissing the bill was warranted on the pleadings and the report. *Huntress* v. *Hanley,* 195 Mass. 236, 239. No point now is made as to the statute of frauds, for the averments and proof absent in *Harrigan* v. *Dodge,* 200 Mass. 357, have been supplied.

A real estate agent or broker is not an agent of general powers. As a rule he has no authority to bind his principal beyond the terms of the specific authority conferred upon him by the agreement for employment. Commonly he is, in the strict sense, a special agent for a single object, and has no power to bind his principal beyond the limitations conferred by the precise terms of his contract of agency. This doctrine has been more frequently applied in this Commonwealth to merchandise brokers than to real estate agents. *Coddington* v. *Goddard,* 16 Gray, 436, 445. *Stollenwerck* v. *Thatcher,* 115 Mass. 224, 227. But there is no reason for a distinction in this respect between an agent or broker to

sell merchandise and one to sell real estate. The relation between a landowner and the real estate agent or broker naturally imports a single transaction for a definite and strictly limited purpose, with circumscribed instructions within which conduct must be rigorously confined. No hardship is wrought, either upon the broker or those with whom he deals, by adherence to this rule. The very nature of the employment is such that a third party has an implied notice that he is dealing with a special agent of restricted authority, and hence he must ascertain at his peril the bounds of that authority. This precise question has not been much discussed in this Commonwealth (see *Cohen* v. *Jackson,* 210 Mass. 328), but decisions in other jurisdictions are numerous.* Undoubtedly certain incidental powers may flow even from such an agency, but it cannot extend to substantial variations from the terms of the authority given.

The master has found that the defendants placed the real estate in question in the hands of a real estate agent for sale, but with the limitation upon his authority that no sale should be made except to a purchaser agreeable to Mrs. Dodge, the widow of the testator through whom the defendants acquired title. There is no explicit finding that the agent even by fraudulent means procured the assent of Mrs. Dodge to a sale to the plaintiff. The paragraph in the report dealing with this subject is in these words:

"About the middle of December, 1906, he found a purchaser in the person of the [plaintiff] and on December 15 he went to the home of Mrs. Dodge, and told her that he could sell the property to the [plaintiff], if she would consent. Allen says she then and there consented to the sale. The [plaintiff], Harrigan, had been convicted of illicit liquor selling, and it was notorious in the town of Danvers that he and the house in which he lived were constantly under the eyes of the police, and his house had been raided more than once. This was well known to Mr. Allen, but

---

* *De Sollar* v. *Hanscome,* 158 U. S. 216. *Hamer* v. *Sharp,* L. R. 19 Eq. 108. *Rosenbaum* v. *Belson,* [1900] 2 Ch. 267. *Robertson* v. *Allen,* 107 C. C. A. 254, 263. *Sullivant* v. *Jahren,* 71 Kans. 127, 132. *Shirley* v. *Coffin,* 103 Texas, 537. *Smith* v. *Craig,* 61 Wash. 528. *John Gund Brewing Co.* v. *Tourtelotte,* 108 Minn. 71, 74. *Halsey* v. *Monteiro,* 92 Va. 581. *Monson* v. *Kill,* 144 Ill. 248. *Everman* v. *Herndon,* 71 Miss. 823.

in his anxiety to make a sale, he did not frankly tell Mrs. Dodge who the purchaser was."

This is equivocal at most. It certainly does not go to the extent of a finding of assent on the part of Mrs. Dodge. Allen's testimony that she assented may have been disbelieved by the master. The finding that within a few days after this interview, Mrs. Dodge, having in the meantime made inquiries, "wrote Allen that she objected to any sale to the [plaintiff]," confirms the inference that the master did not intend to make a finding that she ever assented. This does not indicate the withdrawal of an assent once given, but the decision for the first time of the question whether she should assent. Passing that, there is a further finding that there were two Harrigans, one the plaintiff and the other who had been superintendent of the Danvers waterworks, and that Allen led Mrs. Dodge to believe that the prospective purchaser was the latter Harrigan. If an appearance of assent was procured under these circumstances it was not a real assent, because there was no meeting of minds upon the identity of the prospective purchaser between Mrs. Dodge and Allen. She thought he was one person, while Allen knew he was a different person. There could be no assent to a sale to the plaintiff under these circumstances. Such is the express finding of the master.

The value of the receipt given by one of the heirs as a binding agreement depends upon the fact of assent by Mrs. Dodge. It is of no avail unless she had given an assent, for it was procured through a misrepresentation that she had assented.

The agent clearly exceeded his authority, for he failed to comply with the condition precedent, that the proposed purchaser should be a person satisfactory as a neighbor to Mrs. Dodge. The contract being plainly in excess of his authority, was not binding upon the defendants. Cases like *Brooks* v. *Shaw,* 197 Mass. 376, and *Lloyd* v. *Grace,* [1912] A. C. 716, where a principal was held responsible for the acts of a general agent, have no bearing upon the authority or responsibility of a real estate agent or broker. It becomes unnecessary to consider the other grounds of defense.

*Decree affirmed with costs.*