I. M. NELSON *vs.* IMPERIAL WATER PROOF. COMPANY, LIMITED.

Suffolk. March 7, 1916. — June 19, 1916.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & PIERCE, JJ.

*Witness,* Contradiction. *Agency,* Scope of authority. *Evidence,* Competency.

In an action of contract against a corporation, a witness, who had been employed by the defendant but no longer was in its employ, testified for the plaintiff before an auditor. After the hearing before the auditor this witness was taken back into the defendant's employ in a city in another State, and his deposition was taken in that State, no cross-interrogatories being filed by the plaintiff. At the trial in court, after this deposition had been read by the defendant, the plaintiff

was permitted, against the defendant's objection, to put in evidence certain portions of the witness's testimony before the auditor for the purpose of contradicting his testimony in the deposition. *Held*, that the fact that the witness had testified for the plaintiff before the auditor did not make him the plaintiff's witness at the trial before the jury, and that the portions of his testimony before the auditor properly were admitted in contradiction of his statements as a deponent.

In an action of contract to recover commissions and also damages for the breach of an alleged contract to employ the plaintiff as agent for the sale of the defendant's product and the taking of contracts for doing work with such product, where the plaintiff has testified that a certain agent of the defendant solicited him in behalf of the defendant to take such an agency and promised him the alleged commissions, and where this agent has testified as a witness for the defendant that the defendant's secretary simply had directed him to look up an agent for the sale of the product, but that he was not authorized to make any agreement to pay commissions on contracts, it is error for the presiding judge to exclude the testimony of the defendant's secretary offered by the defendant to show that the authority of the defendant's agent to engage an agent "was limited to an agency for selling the product."

CONTRACT to recover commissions and also damages for a breach of a contract, made partly orally and partly by letter in January or February, 1913, by the terms of which the plaintiff was to conduct an agency for the sale of the defendant's product and the taking of contracts for doing work with such product, a waterproofing compound to be used in connection with cement work on buildings within the New England States, "and was to receive on the sale of the product such amounts above a certain stipulated figure as it was billed to the plaintiff, and further, was to receive a commission of fifty per cent on the profits of all contracts within said territory." Writ dated June 5, 1914.

In the Superior Court the case was tried before *Lawton*, J. In the course of the trial a deposition of one Clark, taken in Chicago, was offered by the defendant. Clark had testified for the plaintiff before the auditor, whose report was in favor of the plaintiff in the sum of $2,865.14, including interest, and had been put in evidence by the plaintiff. At the time of the hearing before the auditor Clark was not in the defendant's employ. After the hearing before the auditor "he had been taken back into the defendant's employ" in Chicago. The deposition was in the form of answers to interrogatories filed in court by the defendant and, among other things, Clark said that he had a talk with the plaintiff previous to the hearing before the auditor, in which the plaintiff had asked him to testify in his favor and had agreed to give

him one third of the verdict obtained.  He also stated in the deposition that "the work was done in a workmanlike manner." One of the counts in the plaintiff's declaration alleged that the work on one of the jobs had not been done in a workmanlike manner, which caused a loss of profits.

The plaintiff was allowed, subject to an exception of the defendant, to introduce portions of the testimony of Clark before the auditor in contradiction of these statements of Clark made in his deposition.  No cross-interrogatories had been filed to the interrogatories filed by the defendant for the purpose of taking Clark's deposition.

The jury returned a verdict for the plaintiff in the sum of $5,408.33; and the defendant alleged exceptions to the admission of the above described portions of Clark's testimony before the auditor and to the exclusion by the judge of the testimony of one Davis tending to show the limits of one Cassingham's authority to employ an agent, which is described in the opinion.

*Lee M. Friedman,* for the defendant.

*J. E. Macy,* for the plaintiff.

BRALEY, J.  The exceptions are confined to the admission and exclusion of evidence.  The fact that Clark had testified as a witness for the plaintiff before the auditor did not make him the plaintiff's witness at the trial before the jury, and the defendant having subsequently taken his deposition he became its witness. The plaintiff accordingly was properly allowed in contradiction of Clark's statements as a deponent to introduce portions of his evidence given before the auditor.

It appears that the defendant is engaged in the manufacture of "a waterproofing compound to be used in connection with cement work on buildings," and the plaintiff contended that by a contract partly oral and partly by letter he was to act as agent for the sale of the product, and "the taking of contracts for doing work with said product" within the New England States, receiving as compensation on the sale of the product "such amounts above a certain stipulated figure as it was billed" to him with "a commission of fifty per cent . . . on the profits of all contracts within said territory."  And, the defendant having failed in performance, the plaintiff sues to recover commissions earned, and damages for breach of the contract.

The plaintiff testified that one Cassingham, acting in the defendant's behalf, solicited him to take the agency, and the negotiations resulted in the contract described. The correspondence which thereupon followed between Cassingham and the company, and the plaintiff and the company, would warrant the jury in finding that, not only was Cassingham rightfully acting for it, but with knowledge of what he had done the defendant recognized the validity of the contract as including not only the sale of the product but payment of commissions. *Foster* v. *Rockwell*, 104 Mass. 167, 172. *Harrod* v. *McDaniels*, 126 Mass. 413, 415. But Cassingham, as a witness for the defendant, having testified that the defendant's secretary, one Davis, had only directed him to "look up an agent for the sale of their products in the New England States" and that he was not authorized "to make any arrangement or agreement with any one to pay commissions on contracts obtained," the defendant called Davis, who after testifying that a conversation had taken place defining Cassingham's powers, was then asked to state the conversation. The question was excluded, although the defendant's counsel stated that the "evidence was offered for the purpose of showing that Cassingham's authority to engage an agent was limited to an agency for selling the product."

The ruling was wrong. *Cohen* v. *Jackson*, 210 Mass. 328. *Harrigan* v. *Dodge*, 216 Mass. 461. The only issue as to liability was the measure of Cassingham's powers. While it was undisputed that he was authorized to engage the plaintiff to sell the product, yet he was not a general agent, and the question whether he had been authorized to promise a commission on the profits of the contracts was in controversy. The credibility of Cassingham as a witness, or of the proposed witness Davis, under the offer of proof, when viewed in the light of the correspondence previously referred to as well as the legitimate inferences of fact to be drawn from all the evidence, was for the jury under suitable instructions. If, however, they believed Cassingham's version of the conversation when the plaintiff was engaged, no commissions had been promised, and the evidence excluded was clearly admissible to show the scope of Cassingham's agency. *Coleman* v. *Lewis*, 183 Mass. 485. *Record* v. *Littlefield*, 218 Mass. 483, 486, and cases cited.

*Exceptions sustained.*