MERRITT STEGMAN *vs.* STURTEVANT AND HALEY BEEF AND
SUPPLY COMPANY.

SAME *vs.* ROBERT A. PERKINS.

FRANK W. CHASE *vs.* STURTEVANT AND HALEY BEEF AND
SUPPLY COMPANY.

SAME *vs.* ROBERT A. PERKINS.

Middlesex.    October 19, 1922. — December 4, 1922.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Agency,* Existence of relation, Scope of employment.

At the trial together of two actions brought by the same plaintiff, one against a mercantile corporation with places of business in Somerville and in Boston, and one against its president and general manager, for personal injuries resulting from a collision caused by negligence of the driver of an automobile of the corporation, there was evidence tending to show the following facts: The driver of the automobile was a salesman of the corporation, who was not given any particular route but "was told to get what business he could in any territory . . . the chief part of his business, however, had been South Boston, Dorchester and Roxbury." Riding with the salesman was a carpenter who had been employed by the president and general manager to build and place a skylight on the roof of his house in Melrose. On the night before the accident, the president and general manager had asked the salesman if it would be convenient for him to call for the carpenter and bring him to the house in Melrose with the skylight and the salesman promised to do so. The following morning the salesman went to the office of the corporation, then to its garage in Somerville where he procured the automobile, then to the place of business of the carpenter in Cambridge and, not finding him there, to his house in Cambridge, where the carpenter entered the automobile with the skylight. While driving from the carpenter's house to the house of the president and general manager, the collision occurred. It was the salesman's intention, after reaching the house of the president and general manager, to take him to the place of business of the corporation in Boston in accordance with his frequent practice. *Held,* that

(1) A finding was not warranted that, at the time of the accident, the salesman was engaged in the business of the corporation;

(2) There was nothing to show that the use thus made of the automobile was permitted or known to the corporation;

(3) The direction given to the salesman by the president and general manager did not make the salesman the agent of the corporation in the particular business in which he then was employed;

(4) The salesman's intention, to take the president and general manager to the corporation's office in accordance with his frequent practice after the work on the skylight was finished, did not warrant a finding that at the time of the collision he was engaged in the business of the corporation or acting within the scope of his employment by it;

(5) A verdict should have been ordered for the defendant corporation;

(6) A finding was warranted that the president and general manager misappropriated the corporation's automobile to his own use;

(7) A finding was warranted that the salesman consented to become the servant of the president and general manager temporarily and for the particular business described, and was such at the time of the collision;

(8) A finding for the plaintiff in the action against the president and general manager was warranted.

FOUR ACTIONS OF TORT. The first action was for personal injuries and the third was for personal injuries and damage to an automobile, caused when an automobile, owned by the defendant, Sturtevant and Haley Beef and Supply Company, and driven by one of its salesmen, by reason of alleged negligent operation by the salesman collided with an automobile owned and operated by the plaintiff in the third action. In the second and fourth actions, the same plaintiffs sought to hold the president and general manager of the corporation personally liable for the same injuries and damages, alleging that the driver of the corporation's automobile was acting as the servant or agent of its president and general manager. Writs dated, respectively, December 18, December 18, November 14 and December 17, 1919.

In the Superior Court, the actions were tried together before *Sisk*, J. Material evidence is described in the opinion. At the close of the evidence, the defendant Sturtevant and Haley Beef and Supply Company in the actions against it asked for the following rulings:

"1. On all the evidence the plaintiffs are not entitled to recover.

"2. On all the evidence the automobile of the defendant was not being used on the business of the defendant at the time of the accident.

"3. On all the evidence the automobile of the defendant was not being used with the permission of the defendant at the time of the accident.

"4. If the automobile was being used at the direction and on the business of one Perkins, president of the defendant, such use was not in the course of the business of the defendant and the

knowledge and permission of Perkins was not the knowledge and permission of the defendant.

"5. The permission of any officer or manager of the defendant to use the defendant's automobile for any use other than that of the defendant's business was *ultra vires* and was not, therefore, the act of the defendant."

"8. An officer of a company has no right or authority to create a liability on a company through negligence of an employee in the performance of the *ultra vires* act."

"13. In order to deplete the assets of a corporation in payment of damages to a party caused by negligence of an employee, it must be shown that such employee has authority to do the act which he was doing when the accident occurred, with the consent and authority given him by the stockholders of the company where such act was done not in the exercise of his usual duties.

"14. There is no evidence that the employee, Dole, was engaged in his usual employment. Liability of a principal does not begin until the agent reports for work and Perkins not having reported for work, was not in the employ of the company. There is no evidence that the company furnished an auto for the personal use of an officer through the vote of the stockholders or directors; that such act must be the act of the stockholders to be effective."

The defendant Perkins in the actions against him asked for the following rulings:

"1. Upon all the evidence neither plaintiff is entitled to recover against the defendant Perkins.

"2. Upon all the evidence the plaintiff Chase is not entitled to recover against the defendant Perkins.

"3. On all the evidence the plaintiff Stegman is not entitled to recover against the defendant Perkins."

"10. Neither plaintiff can recover from the defendant Perkins unless there was negligence on the part of Dole nor unless Dole in driving the automobile was acting as the agent or servant of the defendant Perkins."

In each of the actions, the jury found for the plaintiff: in each of those by the plaintiff Stegman in the sum of $5,350, and in each of those by the plaintiff Chase in the sum of $230.79; and the defendants alleged exceptions.

*F. W. Campbell,* for the defendant Perkins.

*M. J. Mulkern,* for the plaintiff Stegman.

*J. A. Pagum,* for the plaintiff Chase.

*F. M. Ryder,* for the defendant, Sturtevant and Haley Beef and Supply Company, submitted a brief.

CARROLL, J.   Between eight and nine o'clock on the morning of September 30, 1919, in the city of Melrose, an automobile owned by the defendant Sturtevant and Haley Beef and Supply Company (a Massachusetts corporation having a usual place of business in Somerville and in Boston), and operated by one Dole, its travelling salesman, came into collision with an automobile owned and operated by the plaintiff Chase, in whose car the plaintiff Stegman was a passenger.   Riding with Dole was a carpenter named Scannell.   There was evidence that Dole was negligent and that Stegman and Chase were in the exercise of due care.   Dole lived in Melrose, as did also the defendant Perkins, who was the president and general manager of the defendant corporation.   Dole was not given any particular route, but "was told to get what business he could in any territory; that the chief part of his business, however, had been South Boston, Dorchester and Roxbury."   Scannell had been employed by Perkins to build and place a skylight on the roof of his house in Melrose.   On the night before the accident Perkins asked Dole if it would be convenient for him to call for Scannell and bring him to the house with the skylight.   Dole promised to do this; and the following morning went to the office of his employer, thence to its garage in Somerville and obtained the motor car, which he drove to Cambridge where Scannell lived and had his place of business.   Not finding Scannell at his shop, Dole drove to his house, and while the two were on their way from Scannell's house in Cambridge to the Perkins house in Melrose, Scannell holding the skylight in front of him, the collision occurred.   The jury could have found that it was the intention of Dole after reaching the Perkins house and after the work of placing the skylight was finished, to bring Perkins to Boston.   There were verdicts for both plaintiffs against both defendants.

In the cases against the Sturtevant and Haley Beef and Supply Company, the burden of proof was upon the plaintiffs to show that Dole was, at the time of the accident, acting within the scope

of his employment. Dole was not at the time engaged in the business of the corporation. He was using the automobile for the benefit of Perkins as an individual, and not in the business of his employer. He was a salesman and the automobile was to be used only in the course of his employment. The conveying of Scannell from Cambridge to Melrose was an undertaking entirely outside the duty he owed the corporation. He was not acting as its agent or servant, and there is nothing to show that this use of the automobile was permitted or known by the corporation. The fact that Dole was directed by Perkins to use the automobile solely for the benefit of Perkins, did not make Dole the agent of the corporation in the particular business in which he was then employed. *Marsal* v. *Hickey*, 225 Mass. 170. See *Gondek* v. *Cudahy Packing Co.* 233 Mass. 105, 112; *Ginn* v. *Almy*, 212 Mass. 486.

Even if Dole intended, after the work on the skylight was completed, to carry Perkins to the place of business of the corporation, in accordance with his frequent practice, that does not show that Dole at the time of the collision was engaged in the business of the corporation, or acting within the scope of his employment. He had not completed the purpose for which he was using the automobile, and his intention, subsequently to carry Perkins from his home, does not make him the agent of the defendant corporation at the time of the accident. *McKeever* v. *Ratcliffe*, 218 Mass. 17. *Fleischner* v. *Durgin*, 207 Mass. 435.

The cases against the Sturtevant and Haley Beef and Supply Company are not within the principle stated in *Donahue* v. *Vorenberg*, 227 Mass. 1, *Leonard* v. *Stevens*, 213 Mass. 302, *Bourne* v. *Whitman*, 209 Mass. 155, 173; and the request that the plaintiffs were not entitled to recover against that defendant should have been granted.

When the collision occurred Dole was carrying out the order of Perkins as an individual, and was not operating the motor car in the performance of his duties as an agent of the corporation. If Dole were in the general employment of the corporation and the automobile were owned by Perkins, who requested him to take it to Cambridge and bring Scannell to Perkins' house for the accommodation of Perkins, the jury could find that at this time, and while so engaged, Dole was the servant of Perkins.

In *Chute* v. *Morey,* 234 Mass. 387, the driver of the car was in the employ of the Vulcan Garage Company. The defendant was the president of the company. He brought his car to the garage and told the driver "to fix it," to "take it out and try it." The accident happened while the driver was operating the car for the purpose of trying it out. It was held that the finding for the plaintiff was justified on the ground that the driver became temporarily the servant of the defendant. See *Higgins* v. *Bickford,* 227 Mass. 52. Although, in the present actions, the automobile was not owned by Perkins, the jury could find on the evidence that he was not authorized to use it in his private business or to instruct Dole to perform such work as he was then engaged in. If Perkins directed the operator to use it for such purpose, they could find that he assumed control and ownership of the automobile during the progress of the business, and stood, for the time being, as the owner to the same extent as if he himself had taken the car from the garage for his personal business. They could find that, by appropriating the automobile, without right, for the purpose of carrying Scannell to Melrose, he had converted it to his own use. If these facts were found, he would be liable to the same extent as if he owned the car. The jury could also find that Dole consented to become the servant of Perkins temporarily, in the performance of the particular business, and that Dole was his servant at the time in question.

The jury could have found that Dole was not performing a mere act of friendly accommodation for one of his fellow employees or for a stranger to the defendant corporation. Perkins was the president and general manager, he was in a position of authority over Dole, and if Perkins directed Dole to take the property of the general employer and use it for the private business of Perkins, it could have been found that Dole did this in obedience to the directions of Perkins, as his agent or servant, and not as a mere matter of accommodation. If Perkins took the car from the garage under the circumstances disclosed for use in his own business, he could be held for negligence in its operation; and if the servant of the corporation, in obedience to his instructions and in fulfilment of his directions, obtained the car for this purpose, the finding against Perkins would be justified. The defendant Perkins' requests were refused properly.

In each case against Robert A. Perkins the exceptions are overruled.

In each case against the Sturtevant and Haley Beef and Supply Company, the exceptions are sustained and judgment is to be entered for the defendant.

*So ordered.*