Hillsborough, }
Feb. 1, 1927. }  .

DIRECTOR-GENERAL OF RAILROADS *v.* CHARLES M. McCORMACK.

The consignee of an interstate shipment of goods is obliged to pay charges according to the established transportation rate; and he is liable for the undercharge, though the carrier has demanded and received from him less than such rate.

ASSUMPSIT, for freight charges.  The defendant as the consignee of interstate freight shipments paid the charges presented to him and received delivery of the freight.  The charges were less than the rate schedules, duly filed and published, called for, and the action is brought to recover the amount of the undercharge.  The defendant excepted to a verdict for the plaintiff.  Transferred by *Young*, J.

*Warren, Howe & Wilson*, for the plaintiff.

*James A. Broderick*, for the defendant.

ALLEN, J.  It is well settled that a shipment of freight imposes an obligation to pay charges according to the established rates for its transportation.  Any charge not in conformity with such rates is illegal, and there is no estoppel against the collection of undercharges.  Estoppel would result in discrimination by indirection, and the law forbids discrimination under any circumstances.  This applies to the consignee as well as the consignor.  *Pittsburg &c. Company* v. *Fink*, 250 U. S. 577; *New York Central &c. Company* v. *Company*, 256 U. S. 406.  "The obligation of the consignee to pay the charges of transportation commonly rests on acceptance of the goods when the transportation has ended.  That obligation is

coextensive with the charge legally due, no matter what may be the statement of that charge by the 'carrier." *American Ry &c. Co.* v. *Mohawk Dairy Co.*, 250 Mass. 1, 9.

*Exception overruled.*

SNOW, J., did not sit: the others concurred.