*Municipal Court of the City of Boston*

No. 359783

## JOHN McCOURT COMPANY

### v.

## JOSEPH A. SINGARELLA

(October 28, 1955 — January 5, 1956)

*Adlow, C. J.* Action of contract brought by John McCourt Company, for work done at the request of the Commissioner of Public Works of the City of Boston in resurfacing the street in the vicinity of the Arlington Street Subway Station in Boston. The work was made necessary by the opening of the street by the defendant, Joseph A. Singarella, while in the performance of a construction project for the Metropolitan Transit Authority, and the opening of the street was authorized by a permit granted to the aforementioned Singarella by the City of Boston. When the work undertaken by the defendant was completed the Commissioner of Public Works of the City of Boston requested the John McCourt Company to resurface the area opened by the defendant. Prior to the performance of this work the defendant notified the John McCourt Company that he would not be liable for any resurfacing work done by it. In this action the John McCourt Company seeks to recover from Singarella for the work performed by it in resurfacing the street.

At the close of the evidence the defendant asked

the court (Tomasello, J.) to rule in effect that there was no evidence to warrant a finding for the plaintiff. To the refusal of the court to so rule the defendant brings this report. In finding for the plaintiff the court ruled that the defendant had constituted the Commissioner of Public Works of the City of Boston to be his agent in authorizing the performance of the work by the plaintiff, and the only issue raised by this report concerns the propriety of this ruling.

In the absence of evidence to the effect that Singarella either expressly or impliedly constituted the Commissioner of Public Works to be his agent, no agency can be found to exist. *American Railway Express Co., v. Mohawk Dairy Co.*, 250 Mass. 1, 7; *O'Donnell v. Carr*, 189 N.C. 77, 80. In this Commonwealth the courts have recognized the existence of an agency in situations involving third parties only under conditions where the authorization was express or where the acts performed were ratified by the alleged principal. *Moore v. Wyman*, 146 Mass. 60, 63; *Rollins v. Bay View Auto Parts*, 239 Mass. 414, 420. They have denied the existence of an agency where such authorization or ratification was wanting. *T. D. Downey v. Shawmut Corp.*, 245 Mass. 106, 113; *American Railway Express Co. v. Mohawk Dairy Co.*, 250 Mass. 1, 7.

The report discloses no evidence of an express authorization by Singarella to the Commissioner of Public Works to be his agent. If any implied authorization is to be found it must be sought in the conditions or terms under which the defendant accepted his permit from the City of Boston. This permit provided in part that:

"In case of an opening, the restoration of the permanent paving or other permanent surface of the street shall be effected by the city as directed by the Commissioner, the work to be done by city employees or by contract or otherwise in his discretion, the

standard, type and extent of repairs necessary to effect such restoration to be determined by him and to be paid for by the person accepting this permit; such payment to be made in advance on the basis of the Commissioner's estimate, or at the Commissioner's election during the progress of or after the completion of such restoration."

We fail to discover in these conditions any express or implied authorization to anyone to make any contracts in behalf of the permittee. At most it amounts to an agreement between the permittee and the City of Boston that the resurfacing work "shall be effected by the city as directed by the Commissioner," that the work may be done "by city employees, by contract or otherwise in his discretion", and that the work was to be paid for "by the person accepting this permit." The most that this agreement does is to make the permittee liable to the city for any outlay it may make in resurfacing the street. It does not authorize the Commissioner to make any contracts on behalf of the permittee, and it was error for the court to so rule.

*Finding for the plaintiff vacated. Finding to be entered for the defendant.*

*Riley, J. dissenting*: I cannot agree with the decision of the majority in this case, and feel constrained to express my reasons for dissent.

I believe the trial judge correctly ruled in effect that there was evidence to warrant a finding for the plaintiff; that he may have given the wrong reasons, to wit: agency, simply constitutes non-prejudicial error.

"It is of no consequence whether the reason on which the trial court proceeded was sound; the result will be upheld when not tainted by any harmful error." *Boston Morris Plan Co. v. Barrett*, 272 Mass. 487, 491.

It is my considered opinion that the permit issued to the defendant Singarella contains wording indicating that it should be construed as an agreement of guaranty. Plainly it provides that Singarella upon accepting the permit with the conditions contained therein, agrees to the street or highway being restored either by the City of Boston employees or by some contractor selected by the Commissioner of Public Works for that purpose; and that he, (Singarella), agrees to bear the expense.

Had Singarella believed that the conditions were unfair or onerous, he need not have accepted it and acted under it. If Singarella were correct in such belief, there was a remedy open to him,—in the same manner as if the Commissioner of Public Works had arbitrarily refused to issue any permit at all.

The defendant (or permittee) did not have to accept the permit, but having done so, he became bound by the terms and conditions contained therein.

The meaning of such an agreement of guaranty is to be ascertained from the words used, construed according to the ordinary rules for the interpretation of written instruments and read in connection with the subject matter, the well understood usages of business and all the relations of the parties to the transaction: — to wit, "to give the effect most in accord with the intention of the parties as disclosed by the words employed." *Zev v. Loomis*, 246 Mass. 366; *Littlejohn & Co. v. Handy*, 246 Mass. 370.

The fact that the money might be payable directly to a designated contractor as a third person does not in any way change or invalidate the agreement. *Merrimac Chemical Co. v. John J. Moore*, 279 Mass. 147, 153; *Merrill v. Prebilt Co.*, 329 Mass. 166.

Robert Sullivan, for the plaintiff.
William L. Schell, for the defendant.