### CHARLOTTE M. SHERER *vs.* J. B. TROWBRIDGE.

Middlesex.　March 19. — Sept. 7, 1883.　DEVENS & W. ALLEN, JJ., absent.

A written agreement, signed by the defendant, was as follows: " I agree to sell A. one-half acre of land, adjoining K.'s lot on the east, and running due east, for three hundred dollars." *Held*, in an action by A. on the agreement, that the boundaries were not described with sufficient certainty to take the case out of the statute of frauds, and that oral evidence to show the boundaries agreed upon was inadmissible.

CONTRACT for breach of the following agreement, dated April 7, 1882, and signed by the defendant: " Received of Mrs. C. M. Sherer twenty-five ($25.00) in part payment for house and underpinning now occupied by me on Walnut Street, the said house and foundations to be one hundred and twenty-five dollars ($125.00), the balance to be paid for said house and moved at five days' notice. I also agree to sell one-half acre of land, adjoining G. F. Kimball's lot on east, and running due east, for three hundred dollars ($300.00), the same to be secured by mortgage on house and lot."

Trial in the Superior Court, before *Aldrich*, J., who reported the case for the determination of this court, in substance as follows:

It was admitted that G. F. Kimball owned no land adjoining the defendant's land; but Ellen P. Kimball owned three lots of land, and the defendant owned a tract of land of several acres east of and adjoining all of said lots of Ellen P. Kimball; and the plaintiff's husband, who acted as her agent in making the contract, testified that he knew of no lot known as G. F. Kimball's lot.

The plaintiff offered to prove that the defendant and the plaintiff's husband went upon land which she claimed was intended to be described in said agreement, and the defendant showed him the easterly boundary of one of said lots of Ellen P. Kimball, supposed by them to be G. F. Kimball's lot, but not generally known as such, which was marked by stone bounds, and a piece of land adjoining it on the east, as the land to be sold, and which was a part of said larger tract of land owned by the defendant; that the defendant showed him the northerly line of said tract (which the plaintiff contended was intended to be described) by marked trees; that he showed the southerly line as bounded upon a private way, and they then made the contract, and afterwards measured off about two hundred feet to see how far said tract would extend east. But the judge excluded the evidence offered; and ruled that the contract, so far as it purported to be a contract for the sale of land, was within the statute of frauds, and that it contained no sufficient description of the land therein mentioned, and did not in itself or by reference to any other writing contain the means of describing or identifying the boundaries of the piece of land to be conveyed, and that the evidence offered was inadmissible for the purpose of supplying the deficiencies in said contract declared upon.

It was in evidence that the plaintiff, by her husband, within a reasonable time, tendered to the defendant the $100 in payment of the balance of agreed price for the house, and offered to give the mortgage named in the agreement, and demanded of the defendant performance of his part of the agreement relating to the house and its foundations, which the defendant

refused to do, but, subsequently to the bringing of this action, delivered, and the plaintiff accepted and received, the house and foundations.

The jury returned a verdict for the plaintiff for nominal damages, for not delivering the house and foundations when demanded.

If the exclusion of evidence and rulings were erroneous, the verdict was to be set aside; otherwise, judgment to be entered on the verdict.

*I. W. Richardson & T. S. Dame*, for the plaintiff.

*W. S. Slocum, ( W. F. Slocum* with him,) for the defendant.

C. ALLEN, J.   The defendant owned no land adjoining any lot actually owned by G. F. Kimball, or known as his lot; and even if parol evidence could be received to show that he intended to refer to a particular lot owned by Ellen P. Kimball instead of G. F. Kimball, the description of the land intended to be conveyed is still fatally defective, under the Pub. Sts. *c.* 78, § 1, in not describing the boundaries with sufficient certainty.   The words "adjoining G. F. Kimball's lot on the east, and running due east," do not necessarily imply that the western line would extend along the whole length of Kimball's lot, but would be equally well satisfied if the western line of the land intended to be conveyed extended only part way upon that lot.   The length of the base line is therefore not fixed.   Without adverting particularly to other difficulties, this description cannot be rendered certain without a virtual substitution of an oral understanding for a written contract.

*Judgment on the verdict.*