*S. C. Bancroft*, for the tenant.

*G. B. Ives*, for the demandants.

---

BRIDGET E. HASTINGS *vs.* ALBERT WEBER & others.

Suffolk.   Jan. 21. — July 2, 1886.   DEVENS & GARDNER, JJ., absent.

A. directed his agent to look for a store for him, and to negotiate for a lease of it. The agent wrote a letter to A., stating that he had been looking at B.'s store, containing a description of the premises, naming the annual rent asked for a term of five years, and inquiring whether the premises and amount of rent were satisfactory. A. telegraphed to the agent as follows : " If basement included at four thousand secure five years' lease." This telegram was handed by the agent to B., who verbally accepted the offer. *Held,* that there was not a sufficient memorandum in writing of a contract to accept a lease within the statute of frauds, to enable B. to maintain an action against A.

W. ALLEN, J.   This is an action for breach of an agreement to accept a lease. The declaration alleges a contract with the defendants, by which the plaintiff agreed to let to them certain

premises for the term of five years from the first day of February, 1883, at the yearly rent of $4000, and the defendants agreed that they would hire the premises, and execute and accept a lease thereof for such term at said rent, and would pay the rent of $4000 a year during said term.

There was no written contract, and the plaintiff relies upon a verbal contract between herself and the agent of the defendants; and the only question presented by the exceptions is, whether there is a sufficient memorandum in writing of the contract to satisfy the statute of frauds.

The memorandum must be found, if anywhere, in the letters of the defendants' agent to them of January 2 and 3, 1883, and in the telegram of the defendants to their agent of January 3. There is no evidence that the agent had any authority to sign a memorandum, and the only paper signed by the defendants is the telegram. This was sent in answer to the letter of January 2, and before the letter of January 3 was received by the defendants. It is contended that it is so connected with the letter of January 2 as to incorporate that into itself, and make the letter and telegram together a memorandum signed by the defendants. Assuming, without deciding, that such is the correct construction of the two papers, we think they do not constitute a memorandum of the contract declared on, or of any contract. It is clearly not a memorandum of a completed contract, and the most that can be claimed is. that it constitutes an offer by the defendants to the plaintiff, the subsequent verbal acceptance of which by the plaintiff gave it effect as the contract of the defendants. If we could adopt the assumption upon which this argument must rest, and hold that the telegram must be taken to include the letter of January 2, and that the presentation of the telegram to the plaintiff on January 3 was in legal effect the exhibition of the letter and the telegram to the plaintiff by the defendants through their agent, the principal question, and the only one we need consider, would be presented: Does the telegram import a promise by the defendants to the plaintiff to accept a lease described in it and the letter?

The correspondence is not between the parties to the supposed contract, but between one of the parties and his own agent, and it is to be construed accordingly. The agent was directed to

look for a store for the defendants and to negotiate for a lease of it. He had no authority, unless from the telegram, to accept a lease, or to make a contract, or to determine any of the terms of a lease or of a contract. His letter informed the defendants that he had been looking at the store of the plaintiff, contained a description of the premises, and stated the annual rent asked for a term of five years, as information to the defendants as the basis of further instructions. The question of the letter was whether the premises and the amount of rent were satisfactory to the defendants. It did not refer to the particular terms or conditions of a lease, such as when the term should commence, when the rent should be payable, what alterations should be made in the premises, or what condition they should be put in by the owner, what alterations might be allowed to be made by the defendants, what rights the defendants should have as to underletting, and other particulars that might enter into the lease. The answer was, with the brevity of correspondence by telegraph, " If basement included at four thousand secure five years' lease." This was obviously intended only as instructions to the agent that, if the rent would be of the amount stated, he should continue his negotiations and procure a lease, the only contract contemplated, to be submitted to the defendants for their acceptance and execution.

The instructions in the telegram do not exclude, but accord with, other instructions as to the contents of the lease that may have been given by the defendants to their agent; and, as between the parties to the correspondence, they contain in legal effect the additional words, " according to instructions which have been or may be given." Instructions to the agent, referring only to the particulars mentioned in the letter to which they were in reply, cannot be construed as including a promise or offer to the plaintiff to accept a lease containing only those particulars. The plaintiff had no right so to treat it, and that she did not in fact so regard it appears from her declaration, which alleges that the term was to commence on February 1, and not immediately, as would be implied from the writings, and also from the evidence that she understood that the defendants were not to have the power of underleasing, which could not have been inferred from the writings.

Whether a correspondence between one party to a verbal contract and his agent, before the completion of the contract, can, under any circumstances, constitute a memorandum of the contract, we need not consider. The correspondence in this case shows only instructions to an agent, not including authority to contract, and the disclosure of the instructions to the other party cannot convert them into a memorandum of a contract.

The letters subsequent to January 3, and the lease signed by some of the defendants, but not accepted or delivered, refer to the incomplete contract of lease, and have no bearing upon the question whether the defendants had agreed to execute the lease, unless as showing that they did not consider themselves under any contract to do so, and cannot go to make up a memorandum of such a contract. *Judgment for the defendants.*

*A. E. Pillsbury,* for the plaintiff.

*C. J. Noyes,* for the defendants.