PATRICK DOHERTY *vs.* SARAH A. HILL.

Middlesex. March 16. — May 9, 1887. FIELD, C. ALLEN, & GARDNER, JJ., absent.

A. placed a parcel of land with a dwelling-house upon it in the hands of an agent for sale, who telegraphed to A. inquiring at what price he would sell, to which A. replied by telegraph, naming a price. Two days later, A. wrote to the agent as follows : " As I telegraphed you, I will sell the house for " the sum named in the telegram. After receiving this letter, the agent accepted a sum of money from B., and executed and gave to him the following paper : "Rec'd of B." the sum named "to bind sale of estate on C. Street owned by A.," and signed it as "agent for A." A. owned another parcel of land on C. Street, which had no buildings upon it. A. afterwards sold the estate in question to a third person. B. then brought an action against A. for breach of an agreement to convey the land to him. *Held*, that, although the memorandum of the contract would have been sufficient, within the statute of frauds, Pub. Sts. *c.* 78, § 1, if A. had only owned one estate on C. Street, yet, as A. owned more than one estate on C. Street, the memorandum was insufficient; that the telegram and letter from A. were inadmissible in aid of the memorandum ; and that the action could not be maintained.

In an action for breach of an agreement to convey land to the plaintiff, the answer to which sets up the statute of frauds, a draft of a deed of the land is admissible, in connection with evidence that it was offered to the defendant for execution, to show a breach, but not to aid a memorandum of the sale previously executed, which is insufficient.

In an action for breach of an agreement to convey land to the plaintiff, evidence that the land, which was sold by the defendant to a third person, was

afterwards placed in the hands of a real estate agent with authority to sell it for a certain sum, but who did not sell it, is not admissible as evidence of its value.

CONTRACT for breach of an agreement to convey to the plaintiff certain real estate in Stoneham. Answer, the statute of frauds.

Trial in the Superior Court, before *Blodgett*, J., who allowed a bill of exceptions, in substance as follows :

J. H. Green, who claimed to act as agent for the defendant, and who executed the contract declared on, testified, for the plaintiff, that the estate referred to in said contract was placed in his hands by the defendant in May, 1884, at which time the defendant instructed him to sell it for the sum of $1300 ; that on May 28, 1885, in reply to a telegram from him inquiring at what price she would sell, the defendant sent him the following telegram, signed by her: " Eleven hundred and fifty cash, if possible try for more; " that on May 30, 1885, the defendant wrote the witness a letter, which contained the following : " As I telegraphed you, I will sell the house in Lincolnville for $1150; will pay last year's taxes and throw in insurance, which lasts until 1887. . . . . I will make terms easy for the party purchasing it, say three or four hundred down and the other payments satisfactorily secured by mortgage ; " and that, on June 1, 1885, and after receiving this letter, the witness received from the plaintiff $100 in cash, and executed and gave to the plaintiff the following paper, being the same declared on : " $100. Stoneham, June 1st, 1885. Rec'd of Patrick Doherty one hundred dollars to bind sale of estate on Congress Street owned by Sarah A. Hill. $350 cash. $850 in mortgage at 6 per cent. J. Horace Green, agent for Sarah A. Hill."

The witness further testified, that he had never paid back to the plaintiff the $100 received ; and that he told the plaintiff he would pay interest on it, and that the plaintiff could have the money whenever he called for it. The plaintiff offered the contract of sale in evidence, to which the defendant objected ; but the judge admitted it.

There was also evidence tending to show that the defendant, by her agent, one Kimball, sold said estate, on June 11, 1885, to one Almy, and delivered to Almy a deed thereof.

The defendant testified, and upon this point her testimony was not controverted, that in addition to the estate claimed to have been sold to the plaintiff, and which consisted of a lot of land with a dwelling-house on it, she owned, on June 1, 1885, several lots, containing two or three acres in all, and all in one parcel, of other land on said Congress Street, upon the other side of the street and nearly opposite to the land in question; and that this parcel of land had no buildings upon it.

The plaintiff offered to show that the estate named in the agreement was the lot with the dwelling-house on it. The defendant requested the judge to rule that it could not be shown by extrinsic evidence to which of the defendant's estates on Congress Street the written memorandum referred; but the judge declined so to rule.

The plaintiff offered in evidence a draft of a deed from the defendant to him of the estate which the plaintiff claimed to have purchased, which draft was made by Green and sent by him to the defendant to be executed, and which the defendant refused to execute. To the admission of this draft in evidence the defendant objected; but the judge admitted it.

The defendant, for the purpose of showing the value of the estate as affecting the question of damages, offered to prove that said estate had been, since December, 1885, in the hands of a real estate agent in Stoneham, with authority to sell it for $1200, but no purchaser had been found. The judge excluded the evidence offered.

The jury returned a verdict for the plaintiff in the sum of $200; and the defendant alleged exceptions.

*A. V. Lynde*, for the defendant.

*E. B. Powers & J. C. Kennedy*, (*S. L. Powers* with them,) for the plaintiff.

HOLMES, J. The memorandum would have satisfied the statute of frauds, if the evidence had shown that there was only one "estate on Congress Street owned by Sarah A. Hill," in Stoneham, where the memorandum is dated. *Hurley* v. *Brown*, 98 Mass. 545. *Scanlan* v. *Geddes*, 112 Mass. 15. *Mead* v. *Parker*, 115 Mass. 413. But the evidence shows that there were more than one. The plaintiff argues that this is an ambiguity introduced by parol, and that therefore it may be removed

by parol. 98 Mass. 548. But the statement seems to us misleading. The words show on their face that they may be applicable to one estate only, or to more than one. If, on the existing facts, they apply only to one, then the document identifies the land; if not, it fails to do so. In every case, the words used must be translated into things and facts by parol evidence. But, if, when so translated, they do not "identify the estate intended, as the only one which would satisfy the description," they do not satisfy the statute. See *Slater* v. *Smith*, 117 Mass. 96, 98; *Potter* v. *Duffield*, L. R. 18 Eq. 4, 7.

The letter from the defendant to her agent did identify the estate, we will assume, as the only one owned by her which had a house upon it. But, of course, this letter was not of itself a sufficient memorandum. It has been held that an offer in writing, afterwards accepted orally, satisfies the statute. *Sanborn* v. *Flagler*, 9 Allen, 474. Browne, St. of Frauds, (4th ed.) § 345 *a*. But this letter was only an authority to offer. It does not appear to have been exhibited to the plaintiff, as in *Hastings* v. *Weber*, 142 Mass. 232, and plainly was not intended to be. We express no opinion whether it would have been sufficient, if it had been shown and its terms had been accepted.

Again, the letter cannot be used to help out the memorandum, on the ground that the latter impliedly incorporates it. The memorandum, it is true, purports to be signed by an agent, and therefore may be said to refer by implication to some previous authority. But this implied reference is at most rather an implied assertion that authority exists, (which may be oral,) than a reference to documents containing the authority. *Jefts* v. *York*, 10 Cush. 392, 395. *Boston & Albany Railroad* v. *Richardson*, 135 Mass. 473, 475. It would hardly be argued as a defence to an action of deceit, against a person who had assumed to act as agent without authority, that the memorandum signed by him impliedly referred to and incorporated the written communications from his alleged principal, and that therefore the plaintiff must be taken to have known them, and that they did not confer the authority assumed. In this case, the agent had authority by telegram before he received the letter; the argument, therefore, would have to go the length of saying that all documents of authority were tacitly incorporated.

In *Hurley* v. *Brown, ubi supra*, it was held that a memorandum of an agreement to sell " a " house on a certain street should be presumed to mean a house belonging at the time to the contractor. It may be asked whether there is not at least as strong a presumption that a memorandum signed by an agent refers to property which he is authorized to sell. But unless the document of authority is specifically incorporated, then the memorandum is only of a sale of a house which the agent is authorized in some way to sell, and, so far as the memorandum goes, his authority may as well be oral as written. The difference may be one of degree, but the distinction is none the less plain between an identification by extrinsic proof of the usually manifest, external, and continuing fact that the party owned but one house on a certain street, and that by similar proof of possibly oral communications between principal and agent, which is precisely the kind of identification the statute seeks to avoid. See *Whelan* v. *Sullivan*, 102 Mass. 204, 206; *Rossiter* v. *Miller*, 3 App. Cas. 1124, 1141; *Potter* v. *Duffield, ubi supra; Jarrett* v. *Hunter*, 34 Ch. D. 182.

The same considerations would apply to an attempt to help out the memorandum by evidence that the estate intended was the only one which the plaintiff knew of as belonging to the defendant.

The remaining exceptions become immaterial. The draft of a deed of the premises was admissible, in connection with proof that it was offered to the defendant for execution, to show a breach, but not to aid the memorandum. The deed was not referred to by the previously executed memorandum, nor were its contents governed by the signature of the latter.

Evidence that a real estate agent had not sold the land for $1200 was not evidence of its value.

*Exceptions sustained.*