EMMA DESMARAIS *vs.* ELENOR TAFT.

Worcester.     October 3, 1911. — January 4, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, LORING, BRALEY, SHELDON, & DeCOURCY, JJ.

*Frauds, Statute of,* Sufficiency of memorandum.

The owner of a large tract of land on a certain street in a certain town, which was bounded on one side by land of P, who owned no other land on the street, and on the rear by a stone wall, agreed to sell a part of it for $350, received from the purchaser $100 and signed and gave to him a receipt which, after stating the name of the town and the date, read as follows : " Received $100 from [the purchaser] in part payment for a piece of land next to P, seventy feet on the road and back to an old wall." *Held,* that the memorandum stated the boundaries of the lot with sufficient certainty to satisfy the requirements of the statute of frauds, R. L. c. 74, § 1.

CONTRACT for alleged breach by the defendant of an agreement to convey land to the plaintiff. Writ dated July 26, 1901.

In the Superior Court the case was heard by *King*, J., without a jury, upon an agreed statement of facts. The facts are stated in the opinion. There was a finding and a judgment for the defendant; and the plaintiff appealed.

The case was submitted on briefs at a sitting of the court in October, 1911, and afterwards was submitted on briefs to all the justices.

*J. E. Sullivan & D. F. O'Connell*, for the plaintiff.

*R. B. Dodge & W. J. Taft*, for the defendant.

RUGG, C. J. The question here presented is as to the sufficiency under the statute of frauds of the description of real estate in the following memorandum:

"$100.00                   Northbridge, Mass., Aug. 7, 1900.

"Received one hundred dollars from E. Desmarais in part payment for a piece of land next to Pelequin, seventy feet on the road and back to an old wall.

"Elenor Taft."

The facts in connection with the memorandum were that the land was part of a large tract owned by the defendant, located on the northerly side of School Street and generally known as the Elenor Taft land, and not separated by any distinguishing mark from the large tract of which it was a part. The Pelequin mentioned in the memorandum owned only one tract of land on this street, and that was on the west side of the large tract. There was an old wall bounding the northerly side of the large lot of the defendant. The contract price for the lot was $350. The statute of frauds (R. L. c. 74, § 1) requires a memorandum " to contain a description of the land sufficient for purposes of identification, when read in the light of all the circumstances of ownership of the property by the vendor. . . . Attendant circumstances may be shown outside the writing and by parol for the purpose of interpreting and applying the memorandum." *Harrigan* v. *Dodge*, 200 Mass. 357, 359, and cases cited. *Bradley* v. *Haven*, 208 Mass. 300. On the other hand, a description which, when applied to the physical features upon the surface of the earth and read in the light of the facts sur-

rounding the parties at the time of its execution, fails to identify particular land as alone conforming to its terms, does not satisfy the statute of frauds. *Doherty* v. *Hill*, 144 Mass. 465. *Miller* v. *Burt*, 196 Mass. 395. *Sherer* v. *Trowbridge*, 135 Mass. 500. *Madden* v. *Boston*, 177 Mass. 350, 359. Objects and circumstances can be resorted to for applying and translating the words of the memorandum into terms of land. The westerly boundary is definite in this memorandum, both as to position and length. It is adjacent to the Pelequin land, and extends from the road to the old wall. The southerly boundary is equally certain. It extends from the Pelequin corner easterly on the street seventy feet. On the rear or northerly side the boundary is the wall. The only bound not precisely defined is the easterly one, the description of which in the memorandum is "and back to an old wall.", It is apparent from the agreed facts that the stone wall is longer than the rear line of the lot, for it is the line "of a large lot of the defendant." It may be inferred reasonably, from the memorandum as a whole, that the other side line is parallel to the Pelequin line. The tract is the "piece of land next to Pelequin" which is "seventy feet on the road and back to an old wall." This is in part a definition of a boundary and also a description of the shape of the tract. It is next to the Pelequin line bounding seventy feet on the road, and then in the same form runs back to the stone wall. The language of the memorandum is not unlike that which country folk would use when they meant a strip with parallel sides. Although verging toward vagueness, the description in the memorandum applied to the facts on the surface of the earth identifies a specific tract of land.

The exact consideration for the conveyance under our authorities need not be stated in the memorandum. *White* v. *Dahlquist Manuf. Co.* 179 Mass. 427, 431.

*Judgment reversed.*