HERBERT F. CLEVELAND *vs.* GEORGE L. TUPPER.

Worcester.  September 25, 1922. — November 29, 1922.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Contract,* What constitutes.

In an action against a man for alleged breach of an agreement to sell real estate, there was evidence tending to show the following facts: The real estate was owned by the defendant and his wife. After negotiations with the plaintiff, an agreement of purchase and sale in writing between the plaintiff and the defendant and his wife was drafted and taken by the defendant to his wife for his wife's signature with the understanding that he then should "bring it back" to the purchaser. A delay occurring, the plaintiff and his wife, seeking the defendant and his wife, met them and, at the defendant's suggestion, the defendant then received $50 from the plaintiff and, the draft agreement not being at hand, the defendant alone signed the following receipt: "Recd of . . . [the plaintiff] . . . $50 payment on place . . . [describing it] . . . subject to agreement," and promised to sign the agreement and bring it to the plaintiff the next day. The agreement never was signed and the defendant afterwards refused to convey. *Held,* .that

(1) The receipt expressly was "subject" to the agreement to be subsequently executed, and under such conditions it could not be construed to be such an independent contract incorporating the agreement as would bind the parties and satisfy the statute of frauds;

(2) The agreement never became effectual between the parties;

(3) Judgment should be entered for the defendant.

CONTRACT for alleged breach of a contract in writing by the defendant to convey to the plaintiff premises numbered 479 Park Avenue in Worcester. Writ dated April 12, 1920.

In the declaration, the plaintiff alleged that on or about March 25, 1920, the defendant made with the plaintiff an agreement in writing, "a copy of which is hereto annexed," to sell the premises in question to the plaintiff; that on that date the plaintiff paid to the defendant $50. Annexed to the declaration was a copy of an unsigned agreement in writing "between George L. Tupper and Minnie L. Tupper . . . party of the first part, and Herbert F. Cleveland . . . party of the second part," relative to the sale of the land in question, and of the following receipt: "Recd. of H. F. Cleveland $50 (fifty dollars) payment on place 479 Park Ave — subject to agreement. Geo. L. Tupper. March 25, 1920."

The action was tried before *Burns*, J. Material evidence is described in the opinion. At the close of the evidence, the defendant moved that a verdict be entered in his favor. The motion was denied. The jury found for the plaintiff in the sum of $1,665; and the defendant alleged exceptions.

*G. S. Taft,* for the defendant.

*J. W. Burke,* (*C. W. Johnson* with him,) for the plaintiff.

BRALEY, J. The evidence of the plaintiff and his wife, and the defendant, the only witnesses at the trial, is in some particulars irreconcilable. But the jury could find that the defendant and his wife owned in fee the premises "numbered 477 and 479 Park avenue" in the city of Worcester, which they desired to sell, and after negotiations with the plaintiff an agreement was prepared in which the plaintiff agreed to purchase, and Mr. and Mrs. Tupper to sell for $20,000 the estate with "All the personal property and fixtures . . . including screens, screen doors, gas and electric fixtures . . . being part of the said premises." The agreement however was retained by the defendant who took it to his house for his wife's signature with the understanding that "he should then bring it back" to the plaintiff. The defendant not having obtained her signature nor returned the agreement, the plaintiff at his suggestion, accompanied by his wife, went to the defendant's home in Leicester, and although the defendant and his wife were absent, he "met them both on" his "way back to Worcester," when the following conversation took place: "I then asked him about the contract which . . . he was to sign, and he said it was still at his house; he said as the going was bad and as he was anxious to get back to his house and as I was anxious to get back, that he 'would take a deposit of $50;' he suggested the deposit and said he would sign the agreement and bring it to me the next day; I paid the $50 to the defendant; he took a small piece of paper out of his pocket and . . . Mrs. Cleveland wrote out the receipt," which reads, "Recd. of H. F. Cleveland $50 (fifty dollars) payment on place 479 Park Ave — subject to agreement. Geo. L. Tupper. March 25, 1920." The parties mutually understood that the agreement of sale not having been executed, they were not yet bound by its terms. The plaintiff also testified, that when the receipt was given, the defendant made an appointment "to meet me within a day or two at the

office of his attorney." The plaintiff was to give a mortgage apparently in part payment of the purchase price, and the mortgage and note although not delivered were duly signed by him and his wife. But the defendant's wife not being present another appointment was made to close the transaction. The defendant did not attend and told the plaintiff the following day, "I won't sell unless you give me a thousand dollars more," and when the plaintiff remonstrated saying, "you've got my deposit and signed the receipt and you know what that means," the defendant observed, "that did n't bother him, that he had been in lawsuits for the last seven or eight years and he would not lose any sleep."

The plaintiff was not buying the defendant's interest, but the entire title and estate. The receipt is expressly made "subject" to the agreement to be subsequently executed, and under such conditions it cannot be construed as an independent contract incorporating the agreement, which would bind the parties and satisfy the statute. See *Desmarais* v. *Taft*, 210 Mass. 560; *Danforth* v. *Chandler*, 237 Mass. 518, 521, 522. The present case is plainly distinguishable from *Mattoon* v. *Barnes*, 112 Mass. 463. It was there held with a citation of kindred cases, that a party who signs and delivers an instrument is bound by the obligation he assumes, even if it is not executed by all the parties named therein. The negotiations in the case at bar were, that the plaintiff, the defendant, and the defendant's wife, should sign the agreement, and that until executed by all parties, and delivered, neither party became bound. *Goodyear Dental Vulcanite Co.* v. *Bacon*, 151 Mass. 460, 461.

The agreement never having become effectual, there has been no breach, and the motion for a directed verdict should have been granted. The exceptions are sustained and judgment is to be entered for the defendant.

*So ordered.*