## Northern District

No. 5539

**ROLAND A. PROVENCHER**

**v.**

**ELIZABETH A. CINTO**

(September 12, 1961)

*Present:* Brooks, P. J. and Northrup, J.

Case tried to *Viola, J.,* in the District Court of Lowell. No. 2539 of 1960.

*Northrup, J.* This is an action of contract to recover $500 allegedly paid by him to the defendant, her agents or servants, as a deposit on the purchase-price of a house. The defendant's answer is a general denial, plea of payment, denial of signature on agreement, denial of receiving payment of deposit, plea of

equitable defense under G. L. (Ter. Ed.) c. 231, §31, denial that the real estate broker was the plaintiff's agent, and a plea that the real estate broker was in fact an independent contractor.

*At the trial there was evidence tending to show that* in the early part of 1960 the defendant listed her property at 1376 Mammoth Road, Dracut with one Curtin, a real estate broker; that as a result of a newspaper advertisement inserted in the Lowell Sun by said Curtin, the plaintiff and his wife were shown the property by one Hatton a salesman for said Curtin. The plaintiff made an offer to purchase the same for $10,700 and gave a deposit at that time of $25 to Hatton to bind the bargain.

Later the plaintiff went to the office of Curtin and paid an additional sum to Hatton of $475 at which time he was given a receipt for the total payment of $500. Thereafter a written agreement was entered into between the plaintiff and the defendant, *which recited that a deposit of $300 was made on account of the purchase price of* $11,500. The plaintiff called Hatton's attention to the fact that the deposit which he had made was $500 but that the agreement credited him with only $300. Hatton then told the plaintiff that the actual deposit was $300 and that the balance of $200 was to be reserved for "closing costs". The report fails to show any objections by the plaintiff to this arrangement and it must therefore be assumed that he assented thereto, especially since he signed the agreement. The

discrepancy between the actual purchase-price and the amount called for in the agreement was explained by Hatton as a customary procedure to facilitate obtaining a mortgage.

The agreement was conditioned upon the plaintiff being able to obtain a G. I. mortgage loan but all three banks to which he made application refused to grant a mortgage loan. The plaintiff thereupon demanded the return of the $500 which he had turned over to Hatton, and upon Hatton's refusal, a criminal complaint was brought against him, as a result of which Hatton returned the sum of $150 to the plaintiff. This amount, however, was not accepted as full payment of the indebtedness.

There was further testimony by the defendant that she did not know about the payment of $500 until after the agreement was signed; that she understood the deposit was $300 as stated in the agreement and that she never authorized the broker to accept or receive the deposit money on her behalf. The defendant however, at the time she signed the agreement, knew that $300 had been paid to Hatton as a deposit on the purchase-price of the property, and asked Hatton who would hold the same. Hatton told the defendant that it was a rule that the brokers hold the deposit and the defendant, after protesting, permitted him to do so.

The defendant duly made the following requests for rulings of law; which with the notation of the trial court's ruling on each, read as follows:

"1. The evidence is insufficient to warrant a finding for the plaintiff." *"Denied."*

"2. The evidence is sufficient to warrant a finding for the defendant."
*"Allowed. (see facts as found)"*

"3. The evidence is sufficient to warrant a finding that the deposit, if any was made by the plaintiff, was not received by the defendant."
*"Allowed. (see facts as found)"*

"4. The evidence is sufficient to warrant a finding that the plaintiff did not pay any deposit to the defendant." *"Denied. Deposit was paid to Defendant's agent's employee!"*

"5. The evidence is sufficient to warrant a finding that the real estate broker, Curtin, was not an agent of the defendant, but was an independent contractor for whose actions the defendant was not legally liable or responsible." *"Denied."*

"6. The evidence is sufficient to warrant a finding that the real estate salesman, Hatton, was not an agent of the defendant, but was an independent contractor for whose actions the defendant was not legally liable or responsible." *"Denied."*

"7. The evidence is sufficient to warrant a finding that the plaintiff did not apply to any bank for a mortgage loan approved by the Veteran's Administration known as a G. I. Mortgage Loan, and consequently he is not entitled to a return of his deposit." *"Denied."*

"8. The evidence is sufficient to warrant a finding that the defendant is not equitably liable to the plaintiff because the defendant never

received any benefits from the plaintiff."

"*Denied.*"

The trial court made a "Memorandum of Findings" substantially in accordance with those hereinbefore set forth and found for the plaintiff in the sum of $350 with interest from August 1, 1960. The defendant claims to be aggrieved by the trial court's rulings and refusal to rule as aforesaid.

We find no prejudicial error in the trial court's rulings on the defendant's requests except requests Nos. 4, 5 and 6 wherein the trial court obviously ruled that Curtin, and the salesman employed by him, were authorized agents of the defendant in accepting the $500 deposit.

It is well settled that a real estate broker is not a general agent and that his powers to act as such are limited to those specifically given him by his principal. *DeBlois v. Boylston & Tremont Corporation,* 281 Mass. 514; *Marquandt v. Boston Young Women's Christian Association,* 282 Mass. 28, 30; *Vallis v. Rimer,* 335 Mass. 528, 532.

In *Harrigan v. Dodge,* 216 Mass. 461, 463, the Court said:

"A real estate agent or broker, is not an agent of general powers. As a rule he has no authority to bind his principal beyond the terms of the specific authority conferred upon him by the agreement for employment. Commonly he is, in the strict sense, a special agent for a single object, and has no power to bind his principal be-

yond the limitation conferred by the precise terms of his contract of agency."

A real estate broker's authority as an agent for a landowner, in the sale of real estate, is limited to the "circumscribed instructions within which conduct must be rigorously confined. . . . The very nature of the employment is such that a third party has implied notice that he is dealing with a special agent of restricted authority, and hence he must ascertain at his peril the bounds of that authority." *Harrigan v. Dodge,* 216 Mass. 461, 464.

In the case at bar, no authority was given to the broker by the defendant to accept a deposit in any amount, nor can such authority be implied. It is our opinion therefore, that when Hatton asked for and received the $500 deposit from the plaintiff, without the knowledge or consent of the defendant, he was not acting as an authorized agent of the defendant and could not bind her as such.

While the actual deposit, originally made by the plaintiff was $500, at the time of the signing of the agreement, there was a private understanding between Hatton and the plaintiff whereby Hatton was to retain $200 for "closing expenses" and the balance of $300 was to be held as a deposit on the purchase-price of the property. This transaction was a personal one between the plaintiff and Hatton. It was made without the knowledge of the defendant and did not involve her in any way, nor did it subject her

to liability for repayment of the same. In legal effect it was the same as if Hatton had returned $200 of the original deposit to the plaintiff, and the plaintiff had turned the same over to Hatton to be held by him for "closing expenses".

However, so far as the balance of the deposit is concerned, when the defendant signed the agreement she was advised by Hatton that the plaintiff had given him $300 as a deposit on the purchase-price of the property. The defendant then knowingly signed the agreement which in fact recited receipt by her of this deposit and she gave Hatton permission to hold the same. This, under the circumstances, amounted to a ratification of Hatton's unauthorized act so far as the acceptance of the deposit of $300 was concerned. The defendant was not obliged to sign the agreement until she received the deposit, but having signed the same, and having permitted the deposit to be held by Hatton, even under protest, she cannot disclaim liability therefore. We find nothing in the so-called Licensing Act, St. 1957, c. 726 which affected Hatton's status as such agent, nor do we find anything in the report which could be construed as entitling her to equitable relief.

It follows therefore, that the finding for the plaintiff in the sum of $350 must be vacated, and a new finding must be entered for the plaintiff in the sum of $300 with interest from August 1, 1960.

So ordered.

McLaughlin & Robinson of Lowell, for the Plaintiff.

Francis C. Zacharer of Lowell, for the Defendant.