*Southern District*
No. 13710

**ROLAND BOCK,**
Plaintiff

v.

**ANATOLE BOURGEOIS,**
Defendant

152

*Present:* Nash, C.J., Cox & Murphy, J. J.

Case tried to HORROCKS, J. in the Fourth District Court of Plymouth.   No. 13710

*Murphy*, J.  This is an action of contract to recover for breach of a written agreement to sell real estate. The answer is a general denial, that there never was a written agreement, and that the memorandum concerning the sale did not comply with the Statute of Frauds.

*At the trial there was evidence tending to show that:* The plaintiff was a licensed real estate broker and had been engaged in that business for about six years.

The defendant was a retired gentleman, 88 years of age. The plaintiff went to see him and solicited a listing of the property as a broker on March 10, 1966.

The defendant wanted $2,000 for the land; that he would not give an exclusive listing to the plaintiff, nor would he sign an agreement at that time. There was to be a commission paid of 10 percent, but the defendant was to receive $2,000 in any event. On March 11, 1966, one day later, the plaintiff went to a trailer occupied by the defendant, and after some talk, the plaintiff made out the following memorandum. This was signed by the defendant at the plaintiff's request.

March 11, 1966

Received from

ROLAND BOCK

*One Hundred Dollars*

as down payment on waterfront lot of land
    at Long Pond Shores, Lakeville, Mass.

$100.00

(s) ANATOLE BOURGEOIS

A carbon copy was left with the defendant. On March 12, 1966, the plaintiff having learned from the defendant's lawyer that the defendant was not going to sell went to see the defendant again at his trailer. It appeared the defendant had changed his mind, and didn't want to sell the land.

The plaintiff valued the property at $3,500 to $3,800, and another broker, a witness for the plaintiff, valued it at $3,500.

The court found for the plaintiff in the sum of $1,500. The plaintiff filed three requests for rulings all of which were allowed.

The defendant filed seven requests for rulings, all of which were denied and in denying request numbered 6, the court made the following finding: "The court does not find that the plaintiff acted as a fiduciary when he entered the agreement to purchase. He was a purchaser."

The court made the following special findings: On March 11, 1966, the defendant agreed

to sell to the plaintiff a certain shore lot at Long Pond at Lakeville, Massachusetts for $2,000 and accepted from the plaintiff $100 in cash and gave the plaintiff a receipt which read, 'Received from Roland Bock $100 as a down payment on waterfront lot of land at Long Pond Shores, Lakeville, Massachusetts'. The following day the defendant told the plaintiff that he had changed his mind. This constituted a breach of his agreement. The receipt given by the defendant to the plaintiff was sufficient to satisfy the Statute of Frauds, and this was a contract binding on the parties. The fair market value of the property on March 12, 1966 would be $3,500, and that the plaintiff's measure of damages is $1,500''.

The defendant claims to be aggrieved by the allowance of plaintiff's request for rulings numbers 1, 2 and 3 and the denial of his own requests for rulings 1 through 7, and the finding on his request for ruling number 6 that: ''The court does not find that the plaintiff acted as a fiduciary when he entered the agreement to purchase. He was a purchaser''.

G.L. c. 259, § 1, commonly referred to as the Statute of Frauds, provides in essence that:

No action shall be brought upon a contract for the sale of land unless the promise, contract or agreement upon which such action is brought, or some memorandum or note thereof, is in writing and

signed by the party to be charged therewith.

The defendant has pleaded the Statute of Frauds, and the burden is on the plaintiff to prove that the memorandum falls clearly within the requirements of the Statute. The question is, whether the description of the premises is sufficiently definite to satisfy the requirements of the Statute.

A memorandum of contract for the sale of land which does not describe or identify the land intended to be conveyed, where it does not appear that such land is the only land owned by the party to be charged, does not satisfy the Statute of Frauds, and, if there has been no such part performance or fraud as to take the case out of the Statute, the contract cannot be enforced if the Statute is pleaded. *George C. Miller* v. *Don W. Burt,* 196 Mass. 395, 396; *Andre* v. *Ellison,* 324 Mass. 665, 666; [Excellent opinion by Donahue, J.] *Michelson* v. *Sherman,* 310 Mass. 774, 776 and cases cited.

And when a seller of land owns only one estate which answers the description given in a memorandum, that must be taken to be the estate to which the memorandum refers, and a memorandum that contains only a slight description of such an estate will satisfy the requirements of the Statute of Frauds. *Michelson* v. *Sherman,* 310 Mass. 774, 776.

In the case before us, there is a description

of sorts, but the record does not disclose whether or not the land in question was the only land owned by the defendant. *Doherty* v. *Hill*, 144 Mass. 465, 467 and cases cited. This meagre description, "waterfront lot of land at Long Pond Shores, Lakeville," without more, is not enough.

True, these words could have been translated into things and facts by parol evidence as was intimated should be done in these cases by Holmes, J. in *Doherty* v. *Hill*, 144 Mass. 465, 468, but the record is bare of any evidence to further define or translate those words. Further, if the evidence showed the defendant owned only one lot of land at Long Pond Shores that would be enough. Again, the record is bare in this respect. This is fatal to the plaintiff's case.

The memorandum signed by the defendant would obviously fit any parcel of waterfront property at Long Pond Shores, since there is no detailed description of any kind in the memorandum either by lot number, width, depth, number of square feet or boundaries of any kind. There is no further identification whatsoever. That being the case, the description in the memorandum is not sufficient to satisfy the Statute of Frauds. *Michelson* v. *Sherman*, 310 Mass. 774, 776 and cases cited supra.

The case cited by the plaintiff, *Desmarais* v. *Taft*, 210 Mass. 560 is clearly distinguishable.

In that case, the receipt read, "received $100 from E. Desmarais in part payment for a piece of land next to Pelequin, 70 feet on the road and back to an old wall". Obviously, this description, although meagre, is much better than the description in the instant case which reads, "waterfront lot of land at Long Pond Shores". Furthermore, in the *Desmarais* case, there was ample parol evidence introduced which further identified the land to be sold as part of the Eleanor Taft land; there were some boundaries mentioned, and there were other circumstances and objects in evidence to amply justify the finding of the court and to clearly distinguish it from our case. Even then the court said, "Although verging toward vagueness, the description in the memorandum applied to the facts on the surface of the earth identifies a specific tract of land".

Attendant circumstances may be shown outside the writing and by parol for the purpose of interpreting and applying the memorandum. *Harrigan* v. *Dodge,* 200 Mass. 357. The record in the instant case discloses no evidence of any attendant circumstances of any kind.

"A description, which when applied to the physical features upon the surface of the earth and read in the light of the facts surrounding it, particularly at the time of its execution, fails to identify particular land as

alone conforming to its terms, does not satisfy the Statute of Frauds." Rugg, C.J. in the *Desmarais* case cited by the plaintiff and see *Doherty* v. *Hill,* 144 Mass. 465; *Sherer* v. *Trowbridge,* 135 Mass. 500 and *Madden* v. *Boston,* 177 Mass. 350.

It was prejudicial error to deny defendant's request numbered 2; that the evidence requires a finding for the defendant. The granting of that request is decisive of the case. It is not necessary for us to discuss the other requests, nor the question of whether or not the plaintiff was acting as a fiduciary when he attempted to purchase the land. A few comments on the latter point might be in order, however, since it is a rather sensitive question of more than ordinary interest.

The finding of the judge that the plaintiff can recover because he was a purchaser completely ignores the fact that the property had been listed with the plaintiff as a broker on the previous day. Again, the record is bare of any evidence to explain or disclose the reason for dropping his role as a broker and becoming a purchaser — all in two days. Some explanation was due the principal, particularly where the land was worth twice as much.

"The general rule is well settled that a broker must act with entire good faith towards his principal, and he is bound to disclose to his principal all facts within his knowledge which are or may be material to the mat-

ter in which he is employed, or which might influence the principal in his action; and if he has failed to come up to this standard of duty he cannot recover. This rule has been frequently applied — *Farnsworth* v. *Hemmer*, 1 Allen 494, *Smith* v. *Townsend*, 109 Mass. 500 and the principal is applicable whenever the broker has an interest of any kind in the transaction antagonistic to that of his employer, or where he is so situated as to be subject to temptation to act adversely to his employer. Story, Agency, § 210, *Alvord* v. *Cook*, 174 Mass. 120. In every such case, good faith requires that the principal should be informed of the facts." *Veasey* v. *Carson*, 177 Mass. 117 @ P. 120.

"The plaintiff was bound to act solely for the benefit of the defendant in procuring a customer and affecting a sale of the property. He could not himself become the purchaser, and he could not secretly enter into an agreement with the buyer that would conflict in any way with the obligation he had assumed of acting in entire good faith in the interest of the defendant". *Spritz* v. *Brockton Savings Bank*, 305 Mass. 170, *Sullivan* v. *Tufts*, 203 Mass. 155, *Dzuris* v. *Pierce*, 216 Mass. 132, *Hall* v. *Payne*, 224 Mass. 62, *Friedman* v. *Ballad*, 250 Mass. 167.

The broker, the plaintiff in this case, could not very well comply with the standard set down in the *Veasey* case cited above, because

he had dropped his role as broker the very next day after he was retained as such, and attempted to become a purchaser, and as a purchaser, of course, he would be dealing at arms length with the owner, and as such, there would be no obligation on him to act in good faith; on the contrary, he naturally would be after the best bargain he could get.

The plaintiff here was wearing two hats all in the space of 24 hours, and it is difficult to determine where his obligation as a broker ended and his rights as a buyer began. The next day, after the property was listed with him as a broker, he attempted to buy it himself and has testified that the land was worth $3,500. He now relies on that testimony to recover damages from the defendant of $1,500.

The plaintiff was acting in a fiduciary capacity when he obtained a listing of the property as a broker, and this duty as such a fiduciary did not cease merely because he attempted to buy the property the next day. To hold otherwise would be most untenable. *Berenson* v. *Nirenstein,* 326 Mass. 285. In that case, the court said, ''The fiduciary obligation toward his principal of one who is acting in the full sense as a broker in the sale or purchase of property rests upon fundamental principles of business morality and honor which are of the highest public interest, and which it is the bounden duty of courts to preserve unimpaired''.

The plaintiff argues that this case differs from the *Spritz* case cited supra in that there was nothing secretive about the actions of the broker. However, his failure to disclose the true value is tantamount to being secretive. He did know the real value and testified to it. The purchase is in direct conflict with his duty as a broker. To put it simply — as a broker he had an obligation to protect his principal — as a buyer he had no such obligation. Obviously, where the price of the land was so much less than its true value, it was much better to be a buyer than a broker. The inference here is inescapable, and this is so even though the owner originally agreed to take $2,000.

The findings of the judge are plainly wrong and cannot be sustained directly or by any reasonable inference. The memorandum was not sufficient as a matter of law, and the plaintiff (broker-buyer) was still acting as a fiduciary when he attempted to purchase the lot for himself. He is not entitled to recover. The denial of the defendant's requests for rulings numbered 2 and 7 was prejudicial error.

**An order should be entered to reverse the finding for the plaintiff and judgment should be ordered for the defendant.**

FELIX F. PERRONE
  of New Bedford for the Plaintiff
EDWARD H. STEVENS
  of Brockton for the Defendant