Silva, J.
In a separate action, the plaintiff-lessors were ordered to pay punitive damages and attorney’s fees for violating the provisions of the security deposit law, G.L. c. 186, § 15B. The plaintiffs now seek to recover from the defendant real estate broker the amount of the judgment they were required to pay to the lessee. The plaintiffs base their claim on the allegation that defendant breached his duty to disclose material facts by failing to inform the plaintiffs of the relevant provisions of G.L. c. 186, § 15B, and that thereby the defendant was negligent, thus causing the plaintiffs to sustain money damages and inconvenience.
The plaintiffs contacted the defendant as real estate agent to procure a tenant for their single family dwelling in Hyannis. The defendant found a tenant who was only interested in a four month rental. The plaintiffs were so advised and agreed to rent to the prospective tenant for four months at $250.00 per month plus a security deposit of $250.00. There was no discussion as to the duties of the holder of the deposit.
A lease was prepared by an employee of the defendant and mailed to the plaintiffs with a letter. Both the letter and lease were silent as to the duties of a landlord with respect to the security deposit.
The first payment of rent and the security deposit were collected by the defendant who deducted his commission and mailed the balance plus the deposit to the plaintiffs. All subsequent rental payments were paid directly to the plaintiffs.
At the termination of the lease, the defendant broker sent a letter to the plaintiffs which contained the following language: “Please be advised that their security deposit of $250.00 plus interest should be returned to them in that date if you find the house to be damage free, with the exception of normal wear and tear.”
In the tenant’s action against the plaintiffs, an answer was filed pro se admitting receipt of the security deposit and that it was deposited in a savings bank. The answer also alleged that they had sent a statement of damages to the tenant upon termination of the lease and that no interest was due as the deposit had not been held for more than one year. The tenant’s action terminated with a judg *286 ment against the plaintiffs in this action for treble damages plus attorney’s fees and costs.
In this action, the plaintiffs filed seven requests for rulings.
The requests and the Court’s rulings thereon are as follows:
1. The relationship between a real estate broker and the owner of property who employs him is that of principal and agent.
Allowed, but not relevant to my decision,
2. As an agent, a broker is a fudiciary and holds a position of trust and confidence to his employer.
Allowed, but not relevant to my decision.
3. A broker who fails to perform his duties faithfully becomes liable to his principal for the damages suffered as a consequence of his breach of duty.
Allowed, however, I find that the broker performed his duties faithfully.
4. Statutes that a broker is aware of that pertain to or directly affect the real estate transaction in which he is acting for a principal fall within the definition of material facts of which a broker must inform his principal.
I decline to rule on this request as I feel that G.L. c. 186, § 15B does not directly affect the brokerage transaction.
5. The broker’s failure in this case to disclose the provisions of Mass. General Laws c. 186, § 15B, relating to security deposits and the penalty for failure to comply constituted a breach of the broker’s fiduciary obligations.
Denied. I rule that it is not a breach of the broker’s fiduciary obligation to advise a landlord as to the law relating to security deposits.
6. Since the broker has a fiduciary duty to his employer, he would be responsible for any financial loss suffered by his employer as a result of the broker’s failure to inform his employer of material facts of which the broker is aware.
Denied. I do not find that the broker failed to inform the plaintiff of material facts.
7. Where a broker prepares a written lease for occupancy of residence and inserts a provision for a security deposit and then sends the lease to the property owner who employed him for his signature, together with the security deposit without informing the landlord of the provisions of M.G.L. c. 186, § 15B relating to security deposits, he is responsible to the landlord for any monetary damages suffered by the landlord who is his principal for failure to comply with the provisions of M.G.L. c. 186, § 15B.
Denied. I do not find that the broker has a duty to provide legal advice concerning a security deposit.
The facts present a novel question with regard to the duty of a real estate broker to his client. As a general rule, the ordinary duty of a broker is to procure a customer ready, willing and able to purchase upon the terms proposed by the seller, Parkhill v. Denaro, 30 Mass. App. Dec. 95, 101 (1964); and to obtain the best possible terms, Delaney v. Doyle, 267 Mass. 171, 176 (1929). Where the broker breaches his duty he cannot recover a commission, Bock v. Bourgeois, 36 Mass. App. Dec. 151, 160 (1965).
In the matter before us there is no dispute that the broker discharged his duty to find a customer ready, willing and able to lease the premises of the plaintiff upon the terms established and agreed to by the lessor, namely, a four month tenancy at two-hundred and fifty dollars ($250.00) per month with a security deposit of two-hundred and fifty dollars ($250.00). The novel aspect of this case is that the plaintiffs’ claim goes beyond the question of a general duty owed by a broker to his principal, and seems to be based on principles of the law of agency on a theory that the broker is a special agent, Harrigan v. Dodge, 216 Mass. 461, *287 463 (1914); Vallis v. Rimer, 335 Mass. 528, 532 (1957); Provencher v. Cinto, 22 Mass. App. Dec. 87, 92 (1961). Since a real estate broker is an agent he owes a duty of good faith to his principal, Bock v. Bourgeois, supra at 159, which includes a duty to disclose all material facts within his knowledge without violating a superior duty to a third person, Restatement (Second) of Agency § 381; Turner v. Guy, 2 Mass. App. Ct. 343, 347 (1974). Where a real estate broker fails to fulfill his obligation to disclose material facts he is deemed to have breached his fiduciary as an agent, Bock v. Bourgeois, supra at 160, 161.
The issue then becomes whether the failure to disclose the provisions and consequences of the security deposit law constitutes ‘ ‘ material facts’ ’ which the broker was required to disclose. We answer this question in the negative.
A real estate broker has been held liable for failure to disclose material facts which were directly related to the terms of the transaction such as price, identity of the purchaser, or matters relevant to the success of the sale; but we are unable to find any precedent for holding the broker liable for failure to disclose the legal obligation of a lessor or seller.
The broker has a duty to inform his principal (purchaser) that the property. could be purchased for less if such fact was known to the broker, Carpenter v. Fisher, 175 Mass. 9, 13 (1899). Where the broker was representing the seller and agreed with the purchaser, in return for a commission from him, not to disclose his identity for fear that the seller would thereafter increase his price, the court found that the broker was inappropriately acting in a dual capacity as agent for the seller and purchaser and that the broker had a duty to disclose the name of the purchaserto the seller, Ebert v. Haskell, 217 Mass. 209, 211, 212 (1914). A broker is liable for failure to disclose the true value of a house, Turner v. Guy, supra at 347; or where he fails to disclose the true value of the property and subsequently purchases the property for himself, Bock v. Bourgeois, supra at 160; or where he fails to disclose the true nature of the transaction by misrepresenting the actual purchase price and the identity of the purchaser, Doujotos v. Leventhal, 271 Mass. 280, 283, 284 (1930).
We find no error on the part of the trial justice in finding that the provisions of the security deposit law are not material facts requiring a broker to disclose. It is more in the nature of legal advice and borders on the unauthorized practice of law.
Report dismissed.